RANDALL JOE LASHLEY *v.* FLORA JUWAN LASHLEY.

[No. 1170S263. Filed August 5, 1971.]

*Gil I. Berry, Jr.,* of Indianapolis, for appellant.
*Jack R. Burton,* of Indianapolis, for appellee.

GIVAN, J.—This is an appeal from an order of the trial court changing the custody of the minor child of the parties. The trial court had on September 16, 1968, granted an absolute divorce to the appellant on his cross-petition for divorce. At that time the trial court awarded the custody of their minor child to the maternal grandmother, with whom the appellee was living at the time. There is no statement in the court's decision in the divorce decree as to why the court saw fit to place the custody of the child with the maternal grandmother. Whatever the trial judge's motive might have been it certainly was not to remove the child from the presence of her mother, since she was a resident in the home where the child was placed and the decree recites that both the father and the mother were to have reasonable visitation.

On the 16th day of May, 1969, the appellant filed a petition with the trial court "for contempt and modification" wherein he alleged that both the appellee and her mother were in contempt of the prior order in that the grandmother had relinquished custody of the minor child to the appellee. The petition requested that the custody be changed to the paternal grandparents. The appellee then filed a petition for modification stating that it would be in the best interests and wel-

fare of the child if she were placed in the custody of her natural mother instead of the maternal grandmother and requested such modification. Following a hearing on the matter the trial court found it would be to the best interests of the child to deny the petition of the appellant and to grant the petition of the appellee. The trial court thus entered its order modifying the prior custody order and placing the child in the custody of the appellee.

In this case the trial court was not faced with a situation which so often exists in change of custody matters. The fact that both parties had petitioned for a change of custody indicates that there was no question but what the situation had changed to such a degree since the divorce that a change of custody was indicated. The trial judge was thus faced not with the question of whether he should change custody, but in what manner the custody should be changed. Both the appellant and the appellee quote extensively from the evidence presented to the trial court, the appellant claiming the evidence indicates custody should have been placed with the paternal grandparents, and the appellee arguing the evidence supports the decision of the trial judge placing the custody of the child with the mother. In cases of this type where the adults are the wrongdoers and the children are the losers, trial judges are saddled with the tremendous responsibility of listening to the conflicting evidence and rendering a decision which the law requires to be to the best interest of the child. This Court has previously stated:

"While we are not able to say the trial judge could not have found otherwise than he did upon the evidence introduced below, this Court as a court of review has heretofore held by a long line of decisions that we are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence, or that he should have found its preponderance or the inferences therefrom to be different from what he did.

"On appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal." *Brickley* v. *Brickley* (1965), 247 Ind. 201, 204, 210 N. E. 2d 850, 211 N. E. 2d 183.

An examination of the record in this case totally supports the decision of the trial court. Under the circumstances we will not disturb that decision. The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 709.